Aaron W. Baker, OSB No. 922220
aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
serena@awbakerlaw.com
BAKER LAW PC
One SW Columbia, Suite 1850
Portland, OR 97258
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AARON ASBURY**,<br><br>                Plaintiff,<br><br>    v.<br><br>**AEROTEK, INC., ALLEGIS GROUP, INC., JONES LANG LASALLE AMERICAS, INC., JONES LANG LASALLE BROKERAGE, INC., JONES LANG LASALLE – FRONT RANGE LLLP, and JONES LANG LASALLE, INC.**,<br><br>                Defendants. | Case No. 3:19-cv-00758<br><br>COMPLAINT<br><br>Unlawful Employment Practices<br><br>(42 U.S.C. § 1981; ORS 659A.030; ORS 659A.199)<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for himself to redress injuries done to him by

COMPLAINT - 1

Defendants or officers, employees, or agents of said Defendants in contravention of his state protected rights in violation of Oregon anti-discrimination laws, ORS 659A.030 and ORS 659A.199, and his federal rights under 42 U.S.C. § 1981.

### Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 et seq., 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

### General Factual Allegations

4.

Defendant AEROTEK, INC. (hereinafter "Defendant AEROTEK") is and was at all material times herein mentioned a Maryland corporation doing business in Oregon.

5.

Defendant ALLEGIS GROUP, INC. (hereinafter "Defendant ALLEGIS") is and was at all material times herein a Maryland corporation doing business in Oregon. On information and belief, Defendant ALLEGIS is a parent corporation of Defendant AEROTEK.

6.

Defendant JONES LANG LASALLE AMERICAS, INC. (hereinafter "Defendant JLL AMERICAS") is a Maryland corporation doing business in Oregon.

7.

Defendant JONES LANG LASALLE BROKERAGE, INC. (hereinafter "Defendant JLL BROKERAGE") is a Texas corporation doing business in Oregon.

8.

Defendant JONES LANG LASALLE – FRONT RANGE LLLP (hereinafter "Defendant JLL FRONT RANGE") is a Colorado limited partnership doing business in Oregon.

9.

Defendant JONES LANG LASALLE, INC. (hereinafter "Defendant JLL, INC.") is a Maryland corporation doing business in Oregon. On information and belief, Defendant JLL, INC. is a parent corporation of Defendants JLL AMERICAS, JLL BROKERAGE, and JLL FRONT RANGE. These four defendants will be referred to collectively as the "JLL Defendants."

10.

Plaintiff was a resident of Oregon at all material times herein.

11.

At all material times herein, Plaintiff was supervised by Defendants' employees or agents and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, and management for Defendant.

12.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to racial discrimination and harassment, and Defendants retaliated against Plaintiff for

reporting and opposing said harassment and discrimination.

13.

Plaintiff is a black, African American male.

14.

Plaintiff began working for Defendants AEROTEK and ALLEGIS in or about October of 2017. In or about February of 2018, Plaintiff entered a six-month contract working with the JLL Defendants on Intel's campuses in Hillsboro and Aloha, Oregon making $22.00 per hour.

15.

Plaintiff worked hard for Defendants and was promoted to managing his own buildings on Intel's Hillsboro campus.

16.

Plaintiff was discriminated against and subjected to a hostile work environment because of his race and was treated less favorably than other similarly situated individuals outside of Plaintiff's race. These incidents by Defendants include, but are not limited to, the following examples:

1. During the first week of Plaintiff's employment with the JLL Defendants, Plaintiff's trainer Daniel Vega gave Plaintiff a banana and said "welcome to Intel" or words to that effect. Plaintiff's coworkers laughed.
2. Later in the day, Plaintiff told Mr. Vega "you know you don't give a black guy a banana like that, right?" or words to that effect. Mr. Vega responded affirmatively.
3. Mr. Vega called Plaintiff "nigger" on at least four occasions.
4. Although Plaintiff's coworkers spoke English, they would switch to speaking in Spanish when Plaintiff entered a room, and they would laugh and occasionally look at and/or motion toward Plaintiff.

COMPLAINT - 4

5. Various coworkers called Plaintiff by nicknames, including "chalan." Plaintiff asked his coworkers including Mr. Vega, Marco Alfaro Lopez, and Emanuel Medel Soriano to explain the meaning of "chalan." They told Plaintiff that it means "helper" or "assistant." Plaintiff Googled the term and learned that it also means "horse breeder", "shark" or "wheeler dealer". To Plaintiff's knowledge, no other coworker had this nickname.

6. Mr. Vega said to Plaintiff "Lock up the generator—there's a nigger around" or words to that effect. Plaintiff responded, "you know I am the only black guy working here, right?" Mr. Vega responded affirmatively.

7. Mr. Vega said to Plaintiff "there are niggers working here" or words to that effect.

17.

Plaintiff asked his coworkers to call him by his legal name, like everyone else. Plaintiff's coworkers ignored his requests and continued to call him by various nicknames.

18.

Plaintiff complained about the discrimination and harassment during a review in or about June of 2018 to Michael Spurgeon, the operations manager of the JLL Defendants. Plaintiff's complaints included that his coworkers said "messed up stuff" to Plaintiff, treated Plaintiff differently—like a piece of property—and called him names. He also said his coworkers spoke in Spanish when Plaintiff was around and laughed at him.

19.

After Plaintiff complained, his coworkers gave him the cold shoulder treatment. To Plaintiff's knowledge, no investigation was conducted into Plaintiff's complaints.

20.

In or about June of 2018, Plaintiff told some coworkers that he intended to report the discriminatory treatment and hostile work environment to upper management.

21.

On or about June 30, 2018, a coworker asked if Plaintiff was "the Aaron who got fired?" or words to that effect.

22.

On or about July 1, 2018, Plaintiff received a phone call from Vivian Renaud, a recruiter for Defendant AEROTEK, informing Plaintiff that his employment had been terminated. She explained that the reason for his termination was that Plaintiff did not get along with his coworkers at JLL Defendants.

## First Claim for Relief

## ORS 659A.030 – Discrimination

23.

Plaintiff realleges paragraphs 1 through 22.

24.

Defendants discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to terminating Plaintiff on the basis of race in violation of ORS 659A.030.

25.

As a result of the discrimination by Defendants, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

26.

As a direct and proximate result of Defendants' conduct, Plaintiff has

suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

27.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

28.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

## Second Claim for Relief

## 42 U.S.C. § 1981 – Discrimination

29.

Plaintiff realleges paragraphs 1 through 28.

30.

Defendants discriminated against Plaintiff in the terms and conditions of employment, including but not limited to terminating Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981.

31.

As a result of the discrimination by Defendants, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

32.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined

at trial.

33.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

34.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

### Third Claim for Relief
### ORS 659A.030 – Hostile Work Environment

35.

Plaintiff realleges paragraphs 1 through 34.

36.

Defendants' conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

37.

Plaintiff realleges his damages as stated in Paragraphs 25 through 28 above.

### Fourth Claim for Relief
### 42 U.S.C. § 1981 – Hostile Work Environment

38.

Plaintiff realleges paragraphs 1 through 37 above as fully set forth herein.

39.

Defendants' conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of

unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

40.

Plaintiff realleges his damages as stated in Paragraphs 31 through 34 above.

## Fifth Claim for Relief

## ORS 659A.030 – Retaliation

41.

Plaintiff realleges paragraphs 1 through 40 as fully set forth herein.

42.

Defendants retaliated and discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

43.

Defendants' retaliation against Plaintiff, including but not limited to his termination of employment, was motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

44.

Plaintiff realleges his damages as stated in Paragraphs 25 through 28 above.

## Sixth Claim for Relief

## 42 U.S.C. § 1981 – Retaliation

45.

Plaintiff realleges paragraphs 1 through 44 as fully set forth herein.

46.

Defendants discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting

and/or opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

47.

Defendants' retaliation against Plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

48.

Plaintiff realleges his damages as stated in Paragraphs 31 through 34 above.

## Seventh Claim for Relief

## ORS 659A.199 – Whistleblower Retaliation

49.

Plaintiff realleges paragraphs 1 through 48 above as fully set forth herein.

50.

Defendants retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

51.

Plaintiff realleges his damages as stated in Paragraphs 25 through 28 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For permanent injunctive relief enjoining Defendants, their officers, employees, and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5. Reasonable costs and attorney fees; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 14th day of May, 2019.

BAKER LAW PC

*s/Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff