IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| AARON ASBURY,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., ALLEGIS GROUP, INC., JONES LANGE LASALLE AMERICAS, INC., JONES LANG LASALLE BROKERAGE, INC., JONES LANG LASALLE – FRONT RANGE LLP, and JONES LANG LASALLE, INC.,<br><br>Defendants. | Case No. 3:19-cv-00758<br><br>JOINT MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS AEROTEK, INC. AND ALLEGIS GROUP, INC. |

Under Rule 41(a)(2), Plaintiff Aaron Asbury, Defendant Aerotek, Inc. ("Aerotek"), and Defendant Allegis Group, Inc. ("Allegis") jointly move this Court for an Order dismissing with prejudice all claims Plaintiff has asserted against Aerotek and/or Allegis. only. In support of their joint motion, Plaintiff, Aerotek, and Allegis (the "Moving Parties") state as follows:

1. The Moving Parties have reached an agreement resolving all claims Plaintiff has asserted against Aerotek and/or Allegis in this action.

2. On July 8, 2019, Aerotek and Allegis each separately filed an Answer to Plaintiff's Complaint.

3. "If the Defendant has filed a responsive pleading . . ., 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Maxwell*

*v. Heatherington*, No. 14-0384, 2014 WL 4631223, *2 (D. Or. Sept. 12, 2014) (Mosman, J.) (quoting FED. R. CIV. P. 41(a)(2)).

4. Rule 41(a) "governs dismissals of *entire actions*, not of individual claims"; however, "[m]ost contemporary courts, including [the Ninth Circuit], have declined to read the rule literally as permitting the dismissal only of an *entire* action against *all* defendants." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005).

5. Instead, most courts read Rule 41(a) "to allow the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from an entire action." *Id.*

6. This Court has noted that "[t]he court should grant a motion for voluntary dismissal unless doing so would cause the defendant to suffer from some plain legal prejudice as a result of the dismissal." *Maxwell*, 2014 WL 4631223 at *2 (quotation marks omitted).

7. Here, granting the Moving Parties' motion for voluntary dismissal will not cause Aerotek or Allegis to suffer any prejudice, because neither Aerotek nor Allegis has asserted a counterclaim against Plaintiff, and the Moving Parties seek a dismissal *with prejudice* of all claims Plaintiff has asserted against Aerotek and/or Allegis.

8. The present motion does not impact the claims Plaintiff has asserted against any JLL entity including the originally named Defendants Jones Lang LaSalle Americas, Inc.; Jones Lang LaSalle Brokerage, Inc.; Jones Lang LaSalle—Front Range LLLP; and Jones Lang LaSalle, Inc.

WHEREFORE, the Moving Parties respectfully request that the Court enter an Order, under Fed. R. Civ. P. 41(a)(2), dismissing—with prejudice—all claims Plaintiff has asserted against Aerotek and/or Allegis.

Dated: December 30, 2019.

s/ Aaron W. Baker
Aaron W. Baker
Serena Liss
**BAKER LAW PC**
1 SW Columbia Street, Suite 1850
Portland, OR 97258
aaron@awbakerlaw.com
serena@awbakerlaw.com

*Attorneys for Plaintiff*
*Aaron Asbury*

s/ William E. Corum
William E. Corum
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, MO 64112
william.corum@huschblackwell.com

Daniel Robert Barnhart
**BULLARD LAW**
200 SW Market Street, Suite 1900
Portland, OR 97201
503 248-1134 x215
dbarnhart@bullardlaw.com

*Attorneys for Defendants*
*Aerotek, Inc. and Allegis Group, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I served the foregoing on:

| | |
|---|---|
| Aaron W. Baker | David P.R. Symes |
| aaron@awbakerlaw.com | Littler Mendelson, PC |
| Serena L. Liss | 121 SW Morrison Street, Suite 900 |
| serena@bakerlaw.com | Portland, Oregon 97204 |
| Baker Law PC | dsymes@littler.com |
| One SW Columbia, Ste. 1850 | |
| Portland, OR 97258 | |

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by mailing a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

    s/William E. Corum
William E. Corum, *Pro Hac Vice*
Daniel R. Barnhart, OSB No. 952062
Attorneys for Defendants
Aerotek, Inc. and Allegis Group, Inc.